UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

                                            Case No. 1:24-cr-01104-MLG

TASHEENA HOSKIE,

      Defendant.

## ORDER DENYING DEFENDANT'S UNOPPOSED MOTION FOR FURLOUGH TO ATTEND FUNERAL

**THIS MATTER** is before the Court on defendant Tasheena Hoskie's Unopposed Motion for Furlough, filed on February 18, 2025. Doc. 31. The United States does not oppose Ms. Hoskie's motion. *Id.* at 2. Ms. Hoskie does not state the position of pretrial services on the motion, *see id.*, in violation of D.N.M.LR-Cr. 47.3. For the following reasons, the Court DENIES Ms. Hoskie's motion.

On July 14, 2024, Ms. Hoskie was charged by criminal complaint with possession with intent to manufacture, distribute, or dispense over 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(a)(viii); conspiracy to manufacture, distribute or dispense a controlled substance, in violation of 21 U.S.C. § 846; using, carrying, or possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g). The Court held a detention hearing on July 22, 2024, and ordered Ms. Hoskie detained as both a flight risk and a danger to the community. Docs. 12, 14.

Ms. Hoskie now seeks temporary release from custody for three days, presumably under 18 U.S.C. § 3142(i), so that she can attend her grandmother's funeral and tribal functions from February 20 to 23, 2025. Doc. 31 at 1. Ms. Hoskie has not presented the Court with sufficient reasons to warrant her release.

Ms. Hoskie bears the burden of proof under § 3142(i) in showing that her temporary release is "necessary . . . for another compelling reason." *See United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. Mar. 25, 2020); *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012). The Court has not found a case in this District or Circuit that suggests that the desire to attend a loved one's funeral is a "compelling" reason for temporary release within the meaning of the statute. Unfortunately, many detained defendants lose loved ones while in custody. Temporary release to attend funerals would drastically increase the use of § 3142(i) and is not a "compelling" reason that justifies temporary release under that statute. *See United States v. Alderete*, 336 F.R.D. 240, 266 (D.N.M. 2020) (relief under § 3142(i) should be used sparingly).

In addition, as Judge Browning explained:

> The decision whether to release a defendant temporarily under § 3142(i) is . . . intertwined with the factors that the . . . judicial officer consider(s) at the defendant's detention hearing[] because the risk of nonappearance and danger to the community are front and center in the judicial officer's mind as he or she decides how compelling the defendant's reason for temporary release is. These factors never go away.

*Alderete*, 336 F.R.D. at 269. Ms. Hoskie makes little effort to show that she will not flee or pose a danger to any other person or the community if she is temporarily released other than to say that she "will not leave New Mexico and will not violate any state, local, or federal laws while released." Doc. 31 at 2. The evidence, however, is to the contrary. As the Court outlined when

2

ordering her detention, Ms. Hoskie's behavior when taken into custody suggests she is both dangerous and a flight risk.

> Although defendant initially stopped when law enforcement officers conducted a traffic stop on the vehicle defendant was driving, she refused to comply with officer commands and would not exit the vehicle. She then fled at a high rate of speed. Officers deployed spike strips which caused the vehicle's tires to deflate, but defendant continued to flee. While driving, she threw packages from the window, including 548 grams of methamphetamine. Additional methamphetamine was found ground into the roadway. Defendant rammed an unmarked law enforcement vehicle before she eventually stopped. Defendant had a loaded handgun in the pocket of the driver's door. Officers also found a rifle in defendant's vehicle with "green tip" ammunition, which is usually rated as armor piercing rounds. Officers also found approximately 4000 blue pills in defendant's vehicle that appeared consistent with counterfeit oxycodone pills. Defendant's residence was searched, and law enforcement officers found suspected methamphetamine, approximately 6000 unidentified pills, and ten firearms inside the residence. A man at the residence was attempting to "flush" pills down the kitchen sink.

Doc. 14 at 3.  The evidence against Ms. Hoskie and her behavior when she was taken into custody supports the Court's conclusion that Ms. Hoskie is both a flight risk and a danger to the community.

**IT IS THEREFORE ORDERED** that defendant Tasheena Hoskie's Unopposed Motion for Furlough (Doc. 31) is denied.

DATED:  February 19, 2025.

_____
Laura Fashing
United States Magistrate Judge